The Chancellor.
The testator by Ms will, bearing date on the twenty-ninth of May, 1855, ordered, after the decease of his wife, all his estate (excepting a sum sufficient to raise an annuity of $150) to be equally divided between his six children, or the survivor of them. In case any of his children should die before receiving his portion, leaving lawful issue, such issue to be entitled to the parent’s share of the testator’s estate.
By a codicil to his will, bearing date on the twenty-eighth of June, 1861, the testator further gave, devised, and directed as follows: “ I do hereby ratify my said will, excepting that instead of any portion of my estate going to my son Charles, it is my will that the portion by my will left him should go to my executors, in trust for the benefit of such child or children as my son Charles now has or hereafter he may have, said executors paying such portion as will be coming to the said child or children of Charles equally to *331 them, as they arrive at the age of twenty-one years respectively, and until so paid, giving them the benefit of the income thereof; and if at any time during the life of Charles there are no children or child of his living, the said trustee shall pay the income to his wife; and on the death of Charles, one half of the income shall be paid to his widow while she remains unmarried; and on her marriage or death, the half of the principal of said portion shall go to my other children, and the other half of said portion shall, on the death of Charles, go to my children then living; and the whole of said portion shall, on the death of'Charles’ present wife having no child or children, go to my other children.”
The widow of the testator is dead. The testator’s son Charles is living. He has two children, who are infants. The bill is filed on their behalf by their father, as guardian, claiming that they are entitled to the income of the legacy bequeathed to them, to be paid to them equally in convenient payments.
It is not questioned that the children of the testator’s son Charles are entitled to the income of the legacy until they respectively attain the age of twenty-one years. The only question is, in what shares or proportions are they to receive it, and how is their respective interest to be ascertained. The testator obviously designed that it should be used for their maintenance and education. There is no provision for accumulation, but an express direction, that until they respectively arrive at twenty-one years of age, the trustees shall give them the benefit of the income. The benefit must enure to such of the children as are in being. They may die before they are twenty-one. Other children may hereafter be born, and become entitled to a share of the legacy and of the accruing income. Should these contingencies happen, corresponding changes will be made in the apportionment of the income to conform to the interests of the several legatees. But until such contingencies do happen, the children now in esse will be entitled to receive the income of the fund.